UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELITE INTERNATIONAL ENTERPRISE,
INC.,

       Plaintiff,

v.

PATTON WALLCOVERINGS, INC., and
NORWALL GROUP, INC.

       Defendants,

_____/

Case No. 12-14620

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND [141]**

Plaintiff filed a motion to amend findings of fact and conclusions of law and judgment pursuant to Fed. R. Civ. P. 59(e), in response to this Court's October 31, 2016 opinion and order granting in part Plaintiff's Rule 59(e) motion [133], denying Defendant's Rule 59(e) motion [136], and amending this Court's prior opinion and order on recalculation of damages [129] and amended final judgment (dockets 139, 140).

Plaintiff argues that the 2011 net income figure on which the Court relies to calculate damages "is inaccurate as a portrayal of a full year of net income," calling it an "eight-month net income." (Pl.'s Mot. 2.) Plaintiff argues that the Court erred in failing "to account for the fact that the breach occurred on August 25, 2011, not on December 31, 2011" and that the "[t]his problem should be fixed now to avoid the need for an appeal."

Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Motions to alter or amend judgement may be granted if there is a clear error of law, newly

discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). "A district court, generally speaking, has considerable discretion in deciding whether to grant either type of motion, . . . ." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 615 (6th Cir. 2010).

    The Court's calculation was not in error. The Court acknowledged in its prior opinions and orders that the breach at issue occurred in August 2011. (Dkt. 139.) Yet, as set forth in the Court's October 31, 2016 opinion and order at note 3, the losses Plaintiff sought for that time period, exceeding six figures, were not supported. (Dkt. 139, n. 3.) To the extent Plaintiff argues that the Court's June 8, 2012 opinion and order (dkt. 129) "recognized that damages need to start in September 2011" and included that in its calculation, the same was derived from an incorrect net income figure for Patton products in 2012 and that opinion is amended by the October 31, 2016 opinion and order (dkt. 139). To the extent Plaintiff argues that the 2011 "net income" figure used by the Court represents eight months and not the full year, the figure was taken from Plaintiff's 2011 tax returns. While the Sixth Circuit and this Court acknowledged the "possibility" that Plaintiff would have earned more in 2011 "had the breach not occurred mid-year," the Court finds that on the evidence before it, assigning further damages to 2011 would be speculative; indeed, it was

2011 in which Plaintiff also lost a large customer, Asio African. *See Elite Int'l Enter., Inc. v. Norwall Group, Inc.*, 628 Fed. Appx. 370, 376 (6th Cir. 2015).

As the Court noted in the prior opinion and order, using the 2011 net income provides a reasonable degree of certainty in calculating damages. The Court finds no error of law in its prior opinion and order, nor will the judgment result in manifest injustice. For these reasons, Plaintiff's motion is denied.

**Conclusion**

For the reasons set forth above and in the Court's October 31, 2016 opinion and order (dkt. 139) Plaintiff's Motion to Amend (dkt. 141) is DENIED.

SO ORDERED.

    s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 3, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2016, by electronic and/or ordinary mail.

    s/Carol Bethel
Case Manager